No. 2365.
Second Circuit Appeal.

L. L. BRICE v. D. H. RUTLEDGE
HEMENWAY FURNITURE COMPANY,
LTD., Intervenor.

(June 6, 1925, Opinion and Decree.)
(October 5, 1925, Opinion and Decree on Rehearing.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Imputation—Par. 8.**
Where debtor owes two accounts, one for rent and the other for merchandise on open account, makes payments which are credited to the open account by the creditor and acknowledged as such by the debtor, the payments thus made cannot be imputed otherwise by the court.

ON APPLICATION FOR A REHEARING.
1. **Louisiana Digest—Imputation—Par. 1.**
The debtor has the first right to make the imputation; if he does not exercise this right then it appertains to the creditor; if neither makes the imputation the law makes it for them.

Appeal from Ninth Judicial District Court of Louisiana, Parish of Rapides, Hon. L. L. Hooe, Judge.

This is a suit to recover on two accounts, a rent account and an open account. The rent account was coupled with a provisional seizure of furniture. The Hemenway Furniture Co., Ltd., intervenor, claimed balance due on purchase price covered by a chattel mortgage which they hold.

There was judgment for plaintiff and intervenor appealed.

Judgment affirmed.

Lamar Polk, of Alexandria, attorney for plaintiff, appellee.

Hakenyos, Scott & Provosty, of Alexandria, attorneys for intervenor and appellant.

STATEMENT OF CASE.

REYNOLDS, J. In suit No. 16,535 on the docket of the Ninth Judicial District Court of Louisiana, Parish of Rapides, L. L. Brice sued D. H. Rutledge for $117.00 rent and on open account for $52.00 and obtained writs of provisional seizure under which all of the furniture on the rented premises was provisionally seized.

Judgment in favor of the plaintiff for $50.00 on the open account and for $117.00 on the rent account and recognizing plaintiff's lessor's privilege on the property seized and ordering it sold and the proceeds applied to plaintiff's judgment for rent in reference to all other claims was signed by Judge R. C. Culpepper on February 13, 1925.

On January 20, 1925, Hemenway Furture Company, Limited, intervened in suit No. 16,535, claiming judgment against D. H. Rutledge for $498.70 for balance due on the purchase price of the furniture seized and claimed to be paid by preference out of the proceeds of the sale thereof by virtue of its vendor's privilege and a chattel mortgage on the furniture.

On these issues the case was tried and there was judgment in its favor and against D. H. Rutledge for $498.70 and recognizing its vendor's privilege and mortgage on the property seized and ordering the same sold and intervenor paid out of the proceeds thereof in preference to all other creditors except the judgment of L. L. Brice for $117.00 for rent.

From this judgment Hemenway Furniture Company, Limited, appealed.

OPINION.

The question first presented is as to the imputation of payments made by D. H. Rutledge to L. L. Brice.

These payments were credited by Brice on his open account.

Intervenor claims that the cash payments made by Rutledge to Brice should have been imputed to the claim for rent and that it extinguished it, for the reason that the rent account was the most onerous debt, and that the payments were made without any agreement as to how they should be credited and that therefore the law imputed them to the rent claim, and insists with great earnestness that plaintiff gave D. H. Rutledge receipts from time to time without having any imputation of payments on same and that therefore the law imputes the payments to the rent account.

This contention of intervenor, in our opinion, is not sound, for the reason that the receipts referred to by intervenor are not receipts but statements showing the balance due by Rutledge and are in accordance with plaintiff's account which showed that plaintiff kept two accounts against D. H. Rutledge, one an account for goods purchased and one for rent, and the credits that intervenor is now asking to have decreed to have extinguished plaintiff's rent account were at the time they were made credited by L. L. Brice to D. H. Rutledge on his open account.

Plaintiff testified, page 20:

"Q. Had you, at any time previous to this, advised Mr. Rutledge as to the imputation of the payments made by him?
"A. I did.
"Q. Then he knew to what account you were crediting the payments made by him?
"A. He did.

Plaintiff is corroborated in this testimony by the fact that he presented to D. H. Rutledge two accounts for the balance claimed by him, one showing $52.09 balance due on open account, and one showing $117.00, balance due on rent account, and D. H. Rutledge signed each of said accounts as being correct.

From the decision of the District Judge we think that he accepted and gave weight to this testimony of the plaintiff, and we think his finding of fact was correct.

Having reached this conclusion, as to imputation of payments, we find it unnecessary to pass on the other issues ably presented in the brief.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed.

---

## ON REHEARING

ODOM, J. Counsel for intervenor, appellant, in their application for a rehearing, say:

"That there was error in law in holding that credits made by L. L. Brice on D. H. Rutledge's open account, without the knowledge or consent of Rutledge, should be imputed to the open account."

The court did not hold that.

The record shows that at the time Rutledge made the payments they were credited by Brice on the open account for goods and merchandise purchased by Rutledge with his full knowledge.

Brice says that he informed Rutledge that he was crediting the amounts paid by him to his open account.

Counsel for intervenor, appellant, say that Brice repudiated this statement on cross-examination. But we think they are in error.

Brice was asked, on cross-examination, to explain what the word "imputation" meant and he failed to give a satisfactory explanation of the meaning of the word.

But on page 20 of the testimony he was asked:

"Then, he knew to what account you were crediting the payments made to him?
And he answered:
"He did.

And on page 24 he was asked:

"When I asked you the question as to whether or not certain credits had been imputed or applied to the open or the rent account, you knew what I meant?

And he answered:

"Yes, sir."

Brice's testimony on this point is strongly corroborated by the fact that Rutledge approved a statement showing that he was due $117.00 on the rent account and another statement showing that he was due $52.09 on the open account.

Rutledge, the debtor, made no request that the amounts paid by him be imputed to the rent account, except on one occasion he gave Brice, the creditor, a check for $20.00 and wrote on the check "For rent". The rent account was credited with this amount.

If he had intended that other amounts paid by him be credited on this rent account he would, no doubt, have made the request. But he tacitly, at least, acquiesced in the imputation of the payments on this open account, and when he approved the statement showing the balance due for rent he ratified the imputation made by the creditors.

In the case of Bloodworth vs. Jacobs, et al., 2 La. Ann. 26, the court said:

"The debtor has the first right to make the imputation; if he does not exercise this right then it appertains to the creditors; if neither makes the imputation the law makes it for them."

See, to the same effect:

Flower & King vs. O'Bannon, 43 La. Ann. 1042, 10 South. 376, and the authorities there cited.

Rehearing refused.